In The United States District Court
For The District of Maryland

Lawrence V. Wilder

V

Case Number 97-cv-2283

Marc Greidinger, et al.

### Request to Vacate Decision Not Reopen Case and Reconsider

The plaintiff request that the court vacate the denial of his request and reconsider his motion. The court never requested the case file to review the matter to determine, if in fact, the case warrants subsequent fair review for errors or mistakes. The court must presume all undisputed factual allegations true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). For pro se litigants, the traditional role of the court is to examine the record to see if the plaintiff has a cause of action somewhere displayed.

The court should not dismiss a complaint unless it appears beyond that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 335 U.S. 41, 45-46 (1957). The court should dismiss a case for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of it's claim which would entitle relief. Davis v. Monroe County Board of Ed., 526 U.S. 629, 654 (1999). No discovery was ordered or a decision on the merits. Judge Frederick N. Smalkins mistakenly ruled that there was no basis to this complaint and failed to grant discovery, which would have proved my set of facts. He also determined, precisely, that I suffered from some kind of mental illness at the time that has substantially healed and rehabilitated. This was distinctly noted in my previous decisions that he decided, in which he called me hard to believe, but not necessarily without merit. If the plaintiff is given the ability to proceed, he will be able to prove his claim. The defendant never submitted a **certificate of interest** with the court to

disclose any interest for the case to succeed or fail (by sabotage), thus the essential point to determining guilt.

The plaintiff argues a claim of deception and trickery to obstruct his right to bring forth his claim. The plaintiff was not aware that he was mislead or notified, as required. The claimant also claims that he suffered from an employment related injury which made the unethical deception that much more violative. By taking advantage of a disabled individual while misleading and misrepresenting them of there true legal options, demonstrates the severity of the abusive behavior that the plaintiff experienced, by the defendants, that is not in the interest of justice. The defendant's behaviors (violations of the obtaining a wrongful debt from a Federal disability pension) caused the plaintiff great financial harm with contributed to bankruptcy. The plaintiff requests a hearing to argue his case given the importance of protecting disabled individuals rights from those who choose to manipulate the mentally and physically disadvantaged to deprive them of the rights afforded to them by Presidents, members of the Senate and the House, and the Courts.

The plaintiff requests that the court excuse the wrong label attached to this motion if the spirit of the request is clear. Castro v. United States, 124 S. Ct. 786, 791-92 (2003). Freeman v. Secretary of the Department of Health and Human Services.

Respectfully

Lawrence V. Wilder

Service Requirement Statement

The plaintiff mailed a copy of this motion to every defendant.

*[signature]*