United States District Court in Maryland

Wilder

V

Greidinger

Civil Case Number 97-cv-02283 WDQ

Rule 60 Motion

Plaintiff, Lawrence V. Wilder, motions to the United States District Court in Maryland to approve the rule 60 motion, because of new evidence of perjury committed by the defendant to the U.S. District Court and the Attorney Grievance Commission of Maryland.

In <u>Strickland vs Washington</u> 466 U.S. 668 (1984), the Supreme Court determined that "if counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth amendment." Id at 687, then the plaintiff's right to effective assistance of counsel provided by the Sixth amendment is violated and the fairness of the court proceedings are substantially contradicted. A plaintiff must show "that counselor's performance fell below an objective standard of reasonableness," which fell below an objective standard of reasonableness," which must be judged under "prevailing professional norms," Id at 688. The case stated that a "result of a proceeding can be determined unreliable, and hence the proceeding unfair itself, even if the errors of counsel can't be shown by preponderance of evidence to have determined the outcome." Id at 694. The appellant will show "that there was a reasonable probability that, but for counselor's unprofessional errors, the result of the proceeding would have been different. "A reasonable probability sufficient to undermine confidence in the outcome." Id.

During discussions with Mr. Greidinger, he was made aware of my disability (medical evidence provided to demonstrate appellant's mental state during interactions with counsel and the court) and the appellant's inability to proceed with a Federal Civil Rights employment and disability discrimination lawsuit against the U.S. Department of Health and Human Services. A reasonable minded person would reach the conclusion that I was not attempting to retain counsel Greidinger to pursue this extremely difficult endeavor individually with no experience in Federal employment and disability civil rights laws. " In making this determination, a court hearing an ineffectiveness claim must consider the totality of evidence before the judge or jury," Id at 695, "because a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support," Id at 696. The court's decision to deny was based on incomplete records, erroneous statements by the defendant, or misinterpretations of the facts.

The Supreme Court ruled in Murray vs Carrier 477 U.S. 478 (1986), "the right to effective assistance of counsel ... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial." Id at 496. There were several that the appellant will convey further in this brief.

The Supreme Court determined in Lockhart v Fretwell 506 U.S. 364 (1993), that the prejudice test in Strickland "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceedings fundamentally unfair," id at 372, and is not limited to a contemporary assessment of the law.

Attorney Greidinger was contacted to represent the appellant in a Federal employment and discrimination lawsuit after contact with the EEOC. The appellant never conveyed to the EEOC that he was attempting to be a class agent (a fact that was known by Attorney Greidinger)

Attorney Greidinger never stated a definitive cost to represent the appellant, but later stated to the Maryland Attorney Grievance Commission that he quoted the appellant an amount of $ 40,000. This is a ridiculous amount to bill a client who was expected to proceed with a case of this nature pro se (and later determined indigent). This contradiction alone shows the intent of attorney Greidinger to take advantage of a vulnerable adult, as the appellant was as defined by the State of Maryland Annotated Code.

Appellant provides proof of disability during the time that he retained Mr. Greidinger to represent him to prove that Mr. Greidinger was guilty of manipulating the appellant who was a vulnerable adult at the time of contact.

Mr. Greidinger states that the appellant failed to pay him and supplied him with checks that bounced. There were no problems with the initial payments to Mr. Greidinger. It was only when Mr. Greidinger erroneously prepared the appellant's lawsuit without summones and no instructions as to serving the Secretary of the U.S. Department of Health and Human Services with the complaint. **This error was one of the significant determining factors for the U.S. District Court to dismiss the appellant's case. This error meets the criteria of ineffective assistance of counsel by this fact exclusively.** The plaintiff had every intention to pay Mr. Greidinger (even if it required withdrawing from his Thrift Savings Plan Retirement Fund) despite the fact that he was entitled to attorney fees by the Civil Rights Acts and the Equal Access to Justice Act.

The appellant provides proof that Mr. Greidinger participated (and co-conspired) with the appellant's Agency EEO personnel by written correspondence during the events leading to his U.S. District Court case.

Mr. Greidinger never responded (as he and his attorney falsely claims) to the letter from U.S. District Court in Maryland Judge Frederick Smalkins (dated November 6, 1996) to clarify his involvement with the appellant's case number 96-cv-03472-FNS, despite the fact that he prepared the suit. This fact is listed on the court's history dated November 20, 1996 and the court determined (after no reply from Attorney Greidinger) that the appellant would proceed in pro se and indigent. Despite the appellant's pro se and indigent determination (along with the fact of bringing a Title 7 Federal employment discrimination and Rehabilitation Act lawsuit), he was denied court appointed counsel. This fatality prejudiced the appellant's case and gives motive as to Mr. Greidinger's intentional sabotage allegations. He also never fully revealed any conflict of interests which could limit his ability to aggressively represent the appellant.

During the time of the controversy the appellant was experiencing with attempting to handle his discrimination case in Federal court after being abandoned by Mr. Greidinger, while suffering from a psychiatric mental illness, he was facing adverse action proceeding from the U.S. Department of Human Services, Centers for Medicare and Medicaid Studies.

As the court history docket illustrates, on March 4, 1997, the court denied a request by the appellant for either appointed counsel or to compel the American Federation of Government Employees to provide counsel to help the appellant with his case. On the same day, the appellant received a letter from Frank Jones, Branch Chief, which proposed his termination from Federal Employment (a fact that the appellant's pending U.S. District Court case was motive for collusion and the termination adverse action). During the time of these events, the appellant was experiencing a severe psychiatric mental illness (substantiated by an Office of Personnel Management psychiatric disability retirement approval dated April 9, 1998 retroactive to May 6, 1997). This court can not fairly believe that the appellant did not suffer significantly from the aforementioned "fatal" events that transpired as a result of this miscarriage of justice. The court can not also reach a determination that the appellant did not suffer a manifest injustice which resulted in the dismissal of his Federal Civil Rights employment and Rehabilitative Act discrimination claims because of ineffective assistance of counsel and decisions reached by the court without substantial proof.

The plaintiff also cites Irwin vs U.S. Department of Veterns Affairs, 498 U.S. 89 (1990) because of the trickery employed by my adversaries and because of psychiatric mental illness during and after the time of the violations to enable and afford equitable tolling. The appellant also brings to the court's attention the defendant's repeated acts of intentional perjury (as mentioned in his counsel's June 19, 2008 letter response to the Attorney Grievance Commission of Maryland and sent to the appellant on June 30, 2008) in which he states that he responded to Judges Smalkin's letter dated November 6, 1996 letter. This is a deliberate lie attempting to deceive the court and to escape responsibility for fatally injuring the appellant's ability to have his Federal civil rights and rehabilitative rights protected as provided by the Civil Rights Acts of 1866, 1868, 1964, 1990, and 1991.

The appellant believes that he has provided the United States Court of Appeals for the Fourth Circuit with substantial justification to reverse the denial to reopen this case (and others).

Respectfully submitted,

Lawrence V. Wilder, Sr.